## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

### CASE NO.

KATHY P. JACKSON, an individual,

      Plaintiff,

vs.

CACH, LLC, a Colorado limited
liability corporation, and FEDERATED
LAW GROUP, PLLC, a Florida
professional limited liability
corporation,

      Defendants.

_____/

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Kathy P. Jackson, an individual, sues Defendants, CACH, LLC, a Colorado

limited liability corporation, and Federated Law Group, PLLC, a Florida professional limited

liability corporation, and alleges:

### *INTRODUCTION*

1.      This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly

as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.55,

known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### *JURISDICTION*

2.      Jurisdiction of this Court arises under 15 U.S.C §1692k and 28 U.S.C.§1337.

### *ALLEGATIONS AS TO PARTIES*

3.      Plaintiff, Kathy P. Jackson ("Ms. Jackson") is *sui juris* and a resident of Washington County, Florida.

4.      Defendant, CACH, LLC ("CACH"), is a Colorado limited liability corporation doing business in Jackson County, Florida.

5.      Defendant, Federated Law Group, PLLC ("Federated Law"), is a Florida professional limited liability corporation doing business in Jackson County, Florida.

### *FACTUAL ALLEGATIONS*

6.      At some unknown time prior to the filing of the instant action, a person by the name of "Katherine A. Jackson" ("Third Party Debtor"), obtained a consumer credit account ("Third Party Account").

7.      Ms. Jackson is not the account-holder for the Third Party Account, and is not liable for the repayment of same.  As a point in fact, until the events described below, Ms. Jackson had absolutely no idea who the Third Party Debtor was.

8.      At some unknown time in the past, CACH acquired the Third Party Account as part of its business of purchasing defaulted consumer accounts.

9.      On or about June 19, 2013, CACH through Federated Law filed or caused to be filed a collection lawsuit against the Third Party Debtor in that certain case styled *"CACH, LLC v. Katherine A. Jackson*, in the County Court, in and for Jackson County, Florida, Case No.:13-273 SP" ("Third Party Collection Proceeding").

-2-

10.    On or about April 14, 2014, CACH obtained a Default Final Judgment against the Third Party Debtor in the Third Party Collection Proceeding in the principal amount of Four Thousand Two Hundred Twenty-Six and 44/100ths Dollars ($4,226.44) ("Final Judgment").

11.    Subsequent to the entry of the Final Judgment in the Third Party Collection Proceeding, CACH through Federated Law obtained or caused to be obtained a Continuing Writ of Garnishment Against Salary or Wages ("Writ of Garnishment") directed to the employer of Ms. Jackson, to wit: Florida Fish and Wildlife Conservation Commission ("Florida Fish and Wildlife").

12.    Defendants knew or had reason to know that Ms. Jackson was not the Third Party Debtor.

13.    Subsequent to the service of the Writ of Garnishment on Florida Fish and Wildlife in the Third Party Collection Proceeding, Florida Fish and Wildlife began to withhold monies from the paycheck of Ms. Jackson.

14.    Prior to the service of the Writ of Garnishment, Ms. Jackson had absolutely no knowledge of the Third Party Collection Proceeding.

15.    The initiation and prosecution of a garnishment proceeding by Defendants against the salary of Ms. Jackson caused Ms. Jackson to suffer extreme humiliation and embarrassment at her place of employment as well as financial hardship.

16.    After several weeks of garnishing the wages of Ms. Jackson, CACH acknowledged that CACH had garnished the wrong person through the Writ of Garnishment in the Third Party Collection Proceeding and agreed to dissolution of same.

## COUNT I - ACTION FOR VIOLATION OF THE
## FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.)*

17.   This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA") seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

18.   Ms. Jackson realleges and reaffirms the allegations contained in Paragraphs 1 through 16 above as if set forth hereat in full.

19.   At all times material hereto, the Third Party Account was a "debt" as said term is defined under 15 U.S.C. §1692a(5)

20.   At all times material hereto, Defendants were "debt collectors" as said term is defined under 15 U.S.C. §1692a(6).

21.   As more particularly described above, Defendants have violated the FDCPA in that Defendants have:

(a)   engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d, to wit: the garnishment of the salary of a person who was not indebted to CACH;

(b)   used false, deceptive, or misleading representations and means in connection with the collection of any debt in contravention of 15 U.S.C. §1692e, to wit: that Ms. Jackson was indebted to CACH under the Final Judgment in the Third Party Collection Proceeding;

(c)   made a false representation of the character, amount or legal status of any debt in contravention of 15 U.S.C. §1692e(2)(A), to wit: that Ms. Jackson was indebted to

-4-

CACH under the Final Judgment in the Third Party Collection Proceeding;

      (d)     communicated to any person credit information which is known or should be known to be false in contravention of 15 U.S.C. §1692e(8), to wit: that Ms. Jackson was indebted to CACH under the Final Judgment in the Third Party Collection Proceeding;

      (e)     used false representations or deceptive means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692e(10), to wit: that Ms. Jackson was indebted to CACH under the Final Judgment in the Third Party Collection Proceeding; and

      (f)     used unfair or unconscionable means to collect the Third Party Account in contravention of 15 U.S.C. §1692f, to wit: the garnishment of the salary of a person who was not indebted to CACH.

22.     As a direct and proximate result of the violation of the FDCPA by the Defendants, Ms. Jackson has been damaged. The damages of Ms. Jackson include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation, and embarrassment.

23.     Pursuant to 15 U.S.C. §1692k, Ms. Jackson is entitled to recover actual damages together with statutory damages of $1,000.00, along with court costs and reasonable attorneys fees.

24.     Ms. Jackson has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Kathy P. Jackson, an individual, demands judgment against Defendants, CACH, LLC, a Colorado limited liability corporation, and Federated Law Group, PLLC, a Florida professional limited liability corporation, for actual and statutory damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other

and further relief as justice may require.

## COUNT II - ACTION FOR DAMAGES FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

25.     This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") seeking damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorney's fees.

26.     Ms. Jackson realleges and reaffirms the allegations contained in Paragraphs 1 through 16 above as if set forth hereat in full.

27.     At all times material hereto, the Third Party Account constituted a "debt" or "consumer debt" as said terms are defined under Florida Statutes §559.55(1).

28.     At all times material hereto, Defendants were "debt collectors" as said term is defined under Florida Statutes §559.55(6).

29.     As more particularly described above, Defendants violated the FCCPA in that Defendants have:

(a)     Disclosed to a person other than Ms. Jackson or her family information affecting the reputation of Ms. Jackson, whether or not for credit worthiness, with knowledge or reason to know that the information is false in contravention of Florida Statutes §559.72(5), to wit: that Ms. Jackson was a judgment debtor who owed money to CACH;

(b)     Willfully engaged in conduct which reasonably can be expected to abuse or harass Ms. Jackson, in contravention of Florida Statutes §559.72(7), to wit: the attempt to collect a debt from Ms. Jackson when Ms. Jackson was not indebted to CACH; and

(c)     Claimed, attempted or threatened to enforce a debt when CACH knew that

-6-

the debt was not legitimate or asserted the existence of a legal right when such person knows the right does not exist, in contravention of Florida Statutes §559.72(9), to wit: the attempt to collect a debt from Ms. Jackson when Ms. Jackson was not indebted to CACH.

30.     As a direct and proximate result of the violation of the FCCPA by CACH, Ms. Jackson has been damaged. The damages of Ms. Jackson include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

31.     As a direct and proximate result of the actions of CACH, CACH is liable for punitive damages pursuant to Florida Statute §559.77 in an amount to be determined by the reasonableness of the jury.

32.     Ms. Jackson has retained the undersigned law firm to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

33.     Pursuant to Florida Statute §559.77, Ms. Jackson is entitled to recover actual damages together with statutory damages of $1,000.00, along with reasonable attorney's fees and court costs.

WHEREFORE, Plaintiff, Kathy P. Jackson, an individual, demands judgment for damages against CACH, LLC, a Colorado limited liability corporation, and Federated Law Group, PLLC, a Florida professional limited liability corporation, for actual, statutory and punitive damages, together with interest, costs and attorneys fees pursuant to Florida Statutes §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, Kathy P. Jackson, pursuant to Rule 38, Federal Rules of Civil Procedure,

demands a trial by jury of all issues so triable.

 

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Fax
Email: rwmurphy@lawfirmmurphy.com
and rphyu@aol.com